UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMAD SILMI, | ) | CASE NO. 17-CR-512 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

  Before the Court is Petitioner's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF #377), a Supplement to the Motion (ECF #383), and the Government's Response in Opposition. (ECF #386.) For the following reasons Petitioner's Motion is **DENIED.**

  Petitioner was charged in a 26-count, multi-defendant indictment related to drug trafficking and money laundering (ECF #3), plead guilty to counts 1-15 and was sentenced to 96 months imprisonment on each count, running concurrently. (ECF #280.) He is set for release November 10, 2023.

  Petitioner is seeking a sentence reduction in the form of release under the authority of 18 U.S.C. § 3582(c)(1)(A), colloquially known as "compassionate release". On December 21, 2018, the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow prisoners to directly petition courts for compassionate release. The amendment provides prisoners with two direct routes to court: (1) file a motion after fully exhausting administrative appeals of the BOP's

1

decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt . . . of such a request" by the warden of the prisoner's facility. 18 U.S.C. § 3582(c)(1)(A). The government does not contest that Defendant has met the gatekeeping requirements of 18 U.S.C. § 3582(c)(1)(A) and has addressed the motion on the merits. (ECF #386.)

Under § 3582(c)(1)(A), a district court may reduce a defendant's sentence if it finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent they apply, support a reduction. 18 U.S.C. § 3582(c)(1)(A); *United States v. Ruffin,* 978 F.3d 1000, 1004-05 (6th Cir. 2020). The second requirement does not apply here because there is currently no applicable policy statement for inmate-filed § 3582(c)(1) motions. *United States v. Jones,* 980 F.3d 1098, 1110-11 (6th Cir. 2020). Petitioner argues that family circumstances, the increased punitive nature of his incarceration during the pandemic, the complication risk Covid-19 presents to his medical conditions, and his rehabilitation and post-sentence conduct, individually or collectively, warrant a sentence reduction. The Court finds Petitioner's arguments without merit.

Petitioner states that his father has a heart condition, and while his father has other caregivers, releasing Petitioner would be helpful to his father. Although not controlling, the U.S. Sentencing Commission's commentary explains that a family circumstance that may justify a reduction of a defendant's prison term is either "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 app. note 1(C). Under this policy statement, "[c]are of

2

parents is not a qualifying basis for early release." See *United States v. Turner,* No. 5:15 CR 0323, 2021 U.S. Dist. LEXIS 202071, at *2 (N.D. Ohio Oct. 20, 2021) (collecting cases). Given that his father has other caregivers and the guidance provided by the U.S. Sentencing Commission's commentary, the Court finds Petitioner's father's heart condition is not an extraordinary and compelling reason which justifies a sentence reduction.

Petitioner adds his time in custody was more onerous because he served his time during the pandemic. The Court is not persuaded by this argument. Every prisoner in federal custody at a correctional institution endured the same conditions; pandemic conditions are not extraordinary when they are the ordinary experience of every inmate. Moreover, to the extent Petitioner is raising a constitutional claim related to the manner and conditions of confinement, those arguments are not properly raised in a motion for compassionate release and this Court does not have jurisdiction to consider them. *See United States v. Numann,* No. 3:16-cr-00065-TMB, 2020 U.S. Dist. LEXIS 72285, at *9 (D. Alaska Apr. 24, 2020) (collecting cases).

Petitioner adds that his medical conditions significantly increase his risk of complications related to Covid-19 infection, but the Sixth Circuit has unequivocally stated "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction. After all, with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *United States v. Lemons,* 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield,* 5 F.4th 801, 803 (7th Cir. 2021)). Petitioner concedes his vaccination status but complains that he has not received booster shots. The Court does not find that a lack of booster shots is sufficient to establish a significantly increased risk of

3

medical complications that could rise to the level of extraordinary and compelling reasons which support a compassionate release sentence reduction.

Petitioner last cites his rehabilitation and post-sentence conduct in support of his compassionate release. Those efforts are insufficient by themselves to warrant compassionate release. *See* 28 U.S.C. 994(t); *Ruffin,* 978 F.3d at 1009 (6th Cir. 2020).

Because none of Petitioner's grounds for compassionate release rise to extraordinary and compelling reasons for compassionate release, the Court cannot consider the sum greater than the parts to find that together they constitute a sufficient basis for granting a sentence reduction. *See United States v. Jarvis,* 999 F.3d 442, 444 (6th Cir. 2021) (finding that reasons for compassionate release cannot be aggregated to collectively entitle a defendant to a sentence reduction when those reasons are insufficient when considered in isolation.)

Last, because the Court concludes that Sims has not established extraordinary and compelling reasons for compassionate release it is not required to address the § 3553(a) sentencing factors and declines to do so. *See United States v. Elias,* 984 F.3d 516, 519 (6th Cir. 2021).

The Court finds that Defendant has not presented any extraordinary and compelling reasons that support a sentence reduction. Accordingly, Petitioner's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED.**

**IT IS SO ORDERED.**

/s Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: July 20, 2023**